

David W.T. Daniels
D 202.261.2967
F 917.344.8797
ddaniels@rkollp.com

January 5, 2015

<u>By ECF</u>

The Honorable Paul A. Engelmayer
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007-1312

      Re:    *Inter-American Development Bank v. Venti, S.A.*, 1:15-cv-04063-PAE

Dear Judge Engelmayer:

      We represent Plaintiff Inter-American Development Bank (the "IDB" or "Plaintiff") in the above-referenced matter. We write in response to the letter and attachment submitted by Hernán Iglesias on behalf of Defendants dated January 4, 2016.[1] Mr. Iglesias's letter appears to be made in opposition to the IDB's Motion to Enforce Judgment, Appoint Receiver and Issue Permanent Injunction filed with this Court on December 28, 2015. Dkt. 55.

      As a threshold matter, the IDB objects to the submission of any letter by Mr. Iglesias by way of opposition. Defendants are both corporations. Pursuant to 28 U.S.C. § 1654, they cannot appear before this Court *pro se*. *Lattanzio v. COMTA*, 491 F.3d 137, 140 (2d Cir. 2007) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 … does not allow corporations, partnerships or associations to appear in federal court otherwise than through a licensed attorney."). As the Court may recall, Defendant chose to terminate their counsel in this matter. Dkt. 41. In response, the Court instructed Defendants that, as corporations, they "cannot continue to defend this lawsuit unless they find new counsel." *Id*. The Court granted Defendants a month (until November 3, 2015) in which to find new counsel. *Id*. Defendants ignored that instruction.

      Defendants' plea of poverty is no excuse for their failure to comply with 28 U.S.C. § 1654 and this Court's order. The claim that Defendants lack the financial resources to hire new counsel is also manifestly untrue given that Defendants' own audited financial statements confirm that they currently possess cash and cash equivalents worth millions of U.S. dollars. Dkt. 57-14; 57-15. The Court should therefore decline to consider Mr. Iglesias's letter and any

---

[1] Mr. Iglesias transmitted the letter to us via e-mail. The letter indicates that it is to be delivered to the Court by overnight mail. Defendants have not filed the letter through ECF.

other *pro se* submissions from Defendants until such time as they comply with the Court's order instructing them to retain new counsel.

Further, Mr. Iglesias's letter presents no substantive argument against the relief sought by the IDB's motion. The letter implies that the Court should decline to issue any order to enforce its judgment out of comity for a judicially-supervised restructuring proceeding in Argentina. However, Chapter 15 of the U.S. Bankruptcy Code sets forth the relevant procedure for seeking a stay in the U.S. of certain judgment enforcement rights in light of a foreign insolvency proceeding. *See* 11 U.S.C. §§ 1515, 1519. As Mr. Iglesias's reference to "foreign main proceedings" indicates, Defendants are well aware of their rights, if any, under Chapter 15. *Cf.* 15 U.S.C. § 1502(4) (definition of "foreign main proceeding"). Nonetheless, Defendants have not filed a petition for relief under Chapter 15 with an appropriate court. Moreover, there is no reason to suppose that there are sufficient grounds for a court to grant such an application or that such an application could stay the IDB's motion or collection efforts. The Court should not delay a decision on the IDB's motion on that basis.

The IDB therefore respectfully requests that the Court decline to consider Mr. Iglesias's letter and grant the relief requested in its motion.

                                                   Respectfully submitted,

                                                   David Daniels

cc:      (via e-mail and U.S. mail)
          Hernán H. Iglesias, Esq., General Counsel for IMPSA and Venti