UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
INTER-AMERICAN DEVELOPMENT BANK,

              Plaintiff,

    v.

VENTI S.A. and INDUSTRIAS
METALÚRGICAS PESCARMONA S.A.I.C. y F.,

              Defendants.
------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/16

Case No.: 15-CV-04063 (PAE)

## [PROPOSED] ORDER

This matter is before the Court on the Motion of Plaintiff Inter-American Development Bank ("IDB") to Enforce Judgment, Appoint Receiver and Issue Permanent Injunction. The Court, having considered the evidence and the argument submitted by the IDB, grants the motion and finds that the relief requested by Plaintiff should be issued. Consequently, IT IS HEREBY ORDERED as follows:

1.     Pursuant to N.Y. C.P.L.R. 5225 and within seven calendar days of the entry of this Order, Defendants Venti, S.A. ("Venti") and Industrias Metalúrgicas Pescarmona S.A.I.C. y F. ("IMPSA," and collectively, "Defendants") shall pay to an account specified by the IDB the sum of ARG$73.5 million, regardless of where such cash and cash equivalents are currently located, in partial satisfaction of the judgment issued by this Court in this matter (the "Judgment");

2.     Pursuant to Fed. R. Civ. P. 66 and N.Y. C.P.L.R. 5228(a), Barbara S. Jones of the law firm of Zuckerman Spaeder LLP is hereby appointed receiver (the "Receiver") to carry out the duties set forth herein;

3.     Pursuant to N.Y. C.P.L.R. 5225 and 5201, Defendants shall execute such documents as are necessary to assign to the Receiver any and all present or future rights or claims to payment arising from any contractual relationship with Corporación Eléctrica Nacional S.A. ("Corpoelec"), its predecessors or its affiliates including without limitation rights to payment pursuant to each of the following: (i) IMPSA's contract with Corpoelec dated as of January 18, 2008, and all addenda thereto, relating to the construction of the Tocoma Hydropower Plant in Estado de Bolívar, Venezuela; (ii) IMPSA's contract with Corpoelec relating to the Macagua Hydropower plant, located in Puerto Ordaz, Venezuela; and (iii) IMPSA's contract with Corpoelec dated as of December 17, 2010 relating to the development of the La Guajira Project in the state of Zulia, Venezuela (collectively, the "Corpoelec Payables"), and shall deliver all documents memorializing the assignment of the Corpoelec Payables to each of the Receiver, Corpoelec and the IDB within seven calendar days of the entry of this Order;

4.     In the event that Defendants fail to take any and all necessary steps to assign the Corpoelec Payables to the Receiver, the IDB may seek additional relief from this Court including without limitation an order deeming the Corpoelec Payables to be assigned to the Receiver;

5.     Upon assignment of the Corpoelec Payables, the Receiver shall have the following general powers and duties:

> A.     To use reasonable efforts to determine the nature, location and value of the Corpoelec Payables;
>
> B.     To take custody, control, and possession of the Corpoelec Payables and records relevant thereto from Defendants; to sue for and collect, recover, receive and take into possession from third parties the Corpoelec Payables and records relevant thereto;
>
> C.     To administer, collect, sell, settle, otherwise realize upon, or take any action permissible as an assignee of, the Corpoelec Payables in satisfaction of the Judgment;

2

      D.     To engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, registered representatives, financial or business advisers, and forensic experts ("Retained Personnel");

      E.     To take such action as necessary and appropriate for the preservation of the Corpoelec Payables;

      F.     To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure or other applicable law;

      G.     To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver; and

      H.     To take such other action as may be approved by this Court.

6.     All persons and entities owing any obligation, debt, or distribution with respect to the Corpoelec Payables shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and her receipt for such payments shall have the same force and effect as if Defendants had received such payment.

7.     Absent further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with her fiduciary obligations in this matter.

8.     The Receiver and Retained Personnel are entitled to rely on all outstanding rules of law and orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

9.      Upon assignment of the Corpoelec Payables and during the course of the receivership, the Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from IDB, which may be recovered by the IDB on a priority basis against any realization upon the Corpoelec Payables. Such compensation shall require the prior approval of the Court.

>    A.   Within forty-five days after the end of each calendar quarter, the Receiver and Retained Personnel shall submit to the Court a status report on activities of the Receiver and an application for compensation and expense reimbursement (the "Quarterly Fee Applications");
>
>    B.   All Quarterly Fee Applications will be interim and will be subject to final reviews at the close of the receivership. At the close of the receivership, the Receiver and Retained Personnel will each file a final accounting and final fee application, describing the costs and benefits associated with all litigation and other actions pursued by the Receiver and Retained Personnel during the course of the receivership; and
>
>    C.   Absent an order from the Court directing otherwise, IDB shall pay Quarterly Fee Applications within thirty days of their submission to the Court.

10.     Defendants and their respective officers, directors, executive committee members, employees, agents, affiliates, advisors and attorneys and those who are in active concert or participation therewith are permanently enjoined to comply with this Order, to cooperate with and assist the Receiver in connection with the collection of the Corpoelec Payables and are prohibited from taking any action which would have the effect of evading the directives of this Order, render it ineffective or to take any steps to diminish or impede this Court's ability to supervise compliance with the Order without obtaining prior approval of the Court, including without limitation by transferring, paying or issuing any payment order to initiate a transfer or release of funds to any party other than the IDB or by taking any step to impede the transfer of rights to the Corpoelec Payables to or the collection or realization upon such rights by the Receiver;

11. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, Defendants that receive actual notice of this Order by personal service, facsimile transmission, or otherwise shall:

   A. Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of Defendants without the permission of this Court;

   B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets pursuant to this Order, without the permission of this Court; and

   C. Within five business days of receipt of that notice, file with the Court and serve on the Receiver and the IDB a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice.

12. The IDB and the Receiver are authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that they may deem appropriate to inform them of the status of this matter.

13. Within seven days of the entry hereof, Defendants are instructed to provide a copy of this Order to each of their officers and directors, to Corpoelec and to each of Defendants' banks, brokerage firms, financial institutions, financial advisors, attorneys and agents and shall within that same deadline provide the IDB with the names and contact information for each such person or entity so notified.

14. Notwithstanding anything herein to the contrary, the IDB shall retain all rights and remedies in any jurisdiction with respect to the collection or satisfaction of the Judgment.

15. This Court shall retain jurisdiction to monitor and enforce this Order, and to modify and amend it as justice requires to achieve its purposes and to account for changing circumstances; and

16. The IDB shall forthwith serve of a copy of this Order via email and express mail to Defendants' General Counsel, which shall be deemed good and sufficient service thereof.

Feb. 5, 2016

SO ORDERED

_Paul A. Engelmayer_
Honorable Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE